1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIA D. PADILLA,

              Plaintiff,

    v.

UNITED STATES PATENT OFFICE, et al.,

              Defendants.

No.  2:16-cv-2631 GEB AC (PS)

ORDER

      Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

I.  SCREENING

      Granting IFP status does not end the court's inquiry.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

      Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ.

1

P.").  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly.  Rule 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).  However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice.  See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

////

1    opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

2    Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

3            A.  The Complaint

4            Plaintiff has named the U.S. Patent Office, U.S. Department of Commerce, U.S.

5    Department of the Treasury, the "Office of Management and Budget," and the "Department of

6    Motor Vehicles California (Stockton, California DMV)," as the sole defendants in this lawsuit.

7    Complaint (ECF No. 1) at 1.  The complaint alleges that it is brought under Articles I, III, IV and

8    VI of the U.S. Constitution, as well as the Fourth, Ninth, Tenth and Fourteenth Amendments

9    thereto, and state law.

10           It is very difficult to understand the meaning of the 95-page complaint, consisting of 56

11   pages of allegations plus 43 pages of interspersed exhibits.  As best the court can tell, plaintiff is

12   complaining about an online application form or procedure for obtaining a patent.  See Complaint

13   at 3-4.

14           B.  Analysis

15           The complaint does not contain a "short and plain" statement setting forth the basis for

16   federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those

17   things are required by Fed. R. Civ. P. 8(a)(1)-(3).  The exact nature of what happened to plaintiff

18   is obscured by the incomprehensible complaint, which consists of impenetrable sentences,

19   passages from the U.S. and California Constitutions, what appear to be citations from statutes,

20   regulations, forms and correspondence, legal conclusions or assertions, and other materials that

21   appear to have been added, at random, to the complaint.  Moreover, the complaint is written as

22   one 56-page paragraph, making it particularly difficult to understand.  The court cannot tell from

23   examining the complaint what legal wrong was done to plaintiff, by whom and when, or what

24   relief plaintiff seeks.

25           In addition, the only defendants named in this lawsuit are immune from suit.  The federal

26   agencies plaintiff sues are immune from suit.  FDIC v. Meyer, 510 U.S. 471, 475 (1994)

27   ("[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from

28   suit").  If the complaint contains an allegation that this immunity is waived, the court cannot find

3

1   it in the complaint.  In any amended complaint, any alleged waiver must be clearly and separately

2   alleged.

3       The state agency plaintiff sues is also immune from suit in this court.  See Braunstein v.

4   Arizona Dep't of Transp., 683 F.3d 1177, 1188 (9th Cir. 2012) (citing Pennhurst State Sch. &

5   Hosp. v. Halderman, 465 U.S. 89, 100-102 (1984), for the proposition that "sovereign immunity

6   extends to state agencies and to damage claims against state officials acting in their official

7   capacity").  The court can identify no alleged waiver of sovereign immunity, nor any basis for

8   overriding it, in the complaint.

9                          II.  AMENDING THE COMPLAINT

10      If plaintiff chooses to amend the complaint, the amended complaint must allege facts

11  establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain

12  statement of plaintiff's claims.  The allegations of the complaint must be set forth in  sequentially

13  numbered paragraphs, with each paragraph number being one greater than the one before, each

14  paragraph having its own number, and no paragraph number being repeated anywhere in the

15  complaint.  Each paragraph should be limited "to a single set of circumstances" where

16  possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their

17  complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor

18  (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

19      Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid

20  narrative and storytelling.  That is, the complaint should not include every detail of what

21  happened, nor recount the details of conversations (unless necessary to establish the claim), nor

22  give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should

23  contain only those facts needed to show how the defendant legally wronged the plaintiff.

24      The amended complaint must not force the court and the defendants to guess at what is

25  being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

26  (affirming dismissal of a complaint where the district court was "literally guessing as to what

27  facts support the legal claims being asserted against certain defendants").  The amended

28  complaint must not require the court to spend its time "preparing the 'short and plain statement'

4

1  which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not

2  require the court and defendants to prepare lengthy outlines "to determine who is being sued for

3  what." Id. at 1179.

4       Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's

5  amended complaint complete.  An amended complaint must be complete in itself without

6  reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended

7  complaint supersedes the original complaint.  See Pacific Bell Tel. Co. v. Linkline

8  Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

9  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &

10  Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an

11  original complaint, each claim and the involvement of each defendant must be sufficiently

12  alleged.

13                          III.  CONCLUSION

14       Accordingly, IT IS HEREBY ORDERED that:

15  1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

16  2.  The complaint (ECF No. 1), is DISMISSED because it does not contain the short and

17       plain statement of the claim required by Rule 8(a), and because it names only defendants

18       who are immune from suit.

19  3.  Plaintiff shall have 30 days from the date of this order to file an amended complaint that

20       names defendants who are amenable to suit, and which complies with the instructions

21       given above.  If plaintiff fails to timely comply with this order, the undersigned may

22       recommend that this action be dismissed.

23  DATED: November 28, 2016

24  _____

25  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

5